1  JOHN McBRIDE – 36458
   CHRISTOPHER E. PLATTEN – 111971
2  CAROL L, KOENIG -- 162037
   WYLIE, McBRIDE, PLATTEN & RENNER
3  2125 Canoas Garden Avenue, Suite 120
   San Jose, California 95125
4  Telephone:  (408) 979-2920
   Facsimile:  (408) 979-2934
5
   Attorneys for Plaintiffs
6

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  | Timothy Haag, Carlos Gomez, Jonathan | **Case No.** |
    | Savage, David Ennes, Alan Gonzales, and | |
13  | Darren Wallace, on behalf of themselves | **COMPLAINT FOR COMPENSATION,** |
    | and others similarly situated, | **LIQUIDATED DAMAGES AND OTHER** |
14  | | **RELIEF UNDER THE FAIR LABOR** |
    | Plaintiffs, | **STANDARDS ACT (29 U.S.C. §§ 203,** |
15  | | **206, 207)** |
    | vs. | |
16  | | |
    | City of San Jose, | |
17  | | |
    | Defendant. | |
18  | _____/ | |

19
                    **NATURE OF COMPLAINT**
20
        1.    Plaintiffs are, or were at all times material, firefighter employees of the
21
    City of San Jose who are engaged in fire protection for the City and who bring this
22
    collective action pursuant to 29 USC section 216(b) on behalf of themselves and
23
    other similarly situated fire fighters employed by the City of San Jose.
24
                    **JURISDICTION AND VENUE**
25
        2.    Venue lies within this district pursuant to 28 U.S.C. Section 1391 and
26
    Local Rule 3-2(d) because the events giving rise to the action took place in Santa
27
    Clara County.
28

COMPLAINT; Case No.                                                          1

1    **INTRADISTRICT ASSIGNMENT**

2    3.    The basis for assignment to the San Jose Division, pursuant to Civil Local

3    Rule 3-2(d), is that this action arises in the County of Santa Clara.

4    4.    Defendant City is a political subdivision of the State of California, a public

5    agency within the meaning of 29 U.S.C. Section 203(d).

6    **CLAIMS FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

7    **(29 U.S.C. §206(a))**

8    5.    At all times material, the Plaintiffs have been entitled to the rights,

9    protections and benefits provided under the Fair Labor Standards Act (FLSA), as

10   amended, 29 U.S.C. Sections 201, *et seq.*

11   6.    Under the FLSA and the Department of Labor's regulations applicable to

12   firefighter employees, the employer may establish and declare a work period of not

13   less than seven days nor more than 28 days for employees who perform suppression

14   work (shift employees). Defendant has established a 106-hour work period for

15   firefighters in administrative positions and a 212-hour work period for shift employees.

16   7.    Under 29 U.S.C. Section 207 employers are required to compensate

17   firefighters such as Plaintiffs at the rate of one-and-one-half times the regular rate of

18   pay for all hours worked over the threshold of either 106 hours for employees working

19   a 106-hour work period or 212 hours for employees working on a 212-hour work

20   period.

21   8.    Under Section 207(e) of the FLSA the term "regular rate of pay" includes

22   all remuneration for employment paid to or on behalf of the employee.

23   9.    In the Memorandum of Agreement (MOA) between the City and IAFF

24   Local 230, the exclusive representative of the fire fighter employees working for

25   Defendant, the Defendant agreed to pay for health and dental insurance benefits for

26   its fire fighter employees.  The Defendant also agreed in the MOA to provide a cash

27   amount (hereinafter "payment-in-lieu") to those fire fighter employees who have

28   alternative health and/or dental benefits and who voluntarily choose to forego the

COMPLAINT; Case No.                                                                2

1  Defendant paid health and dental benefits provided by Defendant. These payments-in-
2  lieu per pay period were and are: $19.95 payment-in-lieu for dental coverage;
3  $221.84 for those employees otherwise eligible for family medical coverage; and
4  $89.09 for those employees not eligible for family coverage.

5      10.    Each of the Plaintiffs, and others similarly situated, have been eligible for
6  and have been paid the appropriate payments-in-lieu.

7      11.    During all material periods until June 18, 2017, Defendant followed a
8  practice of excluding and refused to include, these payments-in-lieu as part of the
9  regular rate of pay in its calculation and payment of FLSA overtime. Such inclusion is
10  required by 29 U.S.C. Section 207(e) and as a direct result Defendant has failed to
11  pay the full amount of overtime pay required by the FLSA.

12      12.    Each of the Plaintiffs and similarly situated firefighters are owed the
13  unpaid FLSA overtime as a result of this underpayment together with interest thereon.

14      13.    Defendant's failure to pay the appropriate FLSA overtime was willful in
15  that its obligations are clear under 26 U.S.C. Section 207(a).

16      14.    The employment and work records for each Plaintiff are in the exclusive
17  possession, custody and control of the City, and the firefighters are unable to state at
18  this time the exact amount owing to each of them. The City is under a duty imposed
19  by 29 U.S.C. Section 211(c) and the regulations of the U.S. Department of Labor to
20  maintain and preserve payroll and other employment records with respect to
21  firefighters from which the amounts of the City's liability can be ascertained.

22  **PRAYER FOR RELIEF**

23  WHEREFORE, Plaintiffs pray judgment as follows:

24      1.    That Defendant account for and pay to each Plaintiff the amount of the
25  underpaid FLSA overtime, together with interest thereon;

26      2.    Defendant pay liquidated damages to Plaintiffs in an amount equal to the
27  unpaid FLSA overtime.

28      3.    Defendant pay reasonable attorney's fees and costs; and

1        4.    For other relief as the Court deems just and proper.

2    Dated:  February 27, 2018

3                         Respectfully submitted,

4                         WYLIE, McBRIDE,
                     PLATTEN & RENNER

5

6                         /s/ John McBride
                     JOHN McBRIDE

7

8                         /s/ Christopher E. Platten
                     CHRISTOPHER E. PLATTEN

9                         /s/ Carol L. Koenig
                     CAROL L. KOENIG

10

11

12   I:\O230\72959\pleadings\complaint.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; Case No.                                               4